IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALEX E. COOPER,                              *
   *Pro Se*
                                                      *

        Intervenor-Plaintiff,           *

v.                                           *           Civil Case No. RDB 05-2552

                                                       *

CHESAPEAKE BAY GOLF CLUB,                     *
   LIMITED PARTNERSHIP,                      *

        and                              *

CHESAPEAKE BAY GOLF CLUB                      *
   (WEST), L.P.,                             *

        Defendants.                      *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

On October 25, 2006, this Court granted the Motion for Sanctions and to Dismiss filed by

Chesapeake Bay Golf Club, Limited Partnership and Chesapeake Bay Golf Club (West), L.P.

("Defendants" or "CBGC"), and ordered Defendants to submit a petition for attorney's fees and

costs incurred in discovering and responding to Alex E. Cooper's ("Plaintiff" or "Cooper")

misconduct. *See* Order, 10/25/06. Defendants have filed the appropriate petition. (*See* Paper

No. 33.) For the reasons stated below, this Court awards attorney's fees and costs against

Plaintiff and in favor of Defendants in the amount of $15,000.

BACKGROUND

The misconduct that gave rise to this Court's decision to dismiss Plaintiff's action and

award attorney's fees and costs to Defendants is detailed in this Court's prior Memorandum

Opinion and need not be repeated here. *See* Mem. Op., 10/25/06. Based on the evidence

submitted in connection with that Opinion, this Court concluded that:

> CBGC has established by clear and convincing evidence that Cooper sought to perpetrate a fraud on all concerned, including CBGC, EEOC, Cooper's own counsel, and the Court.  Upon the discovery of Cooper's subterfuge, EEOC dismissed its Complaint against CBGC, and Cooper's attorney withdrew his representation.  Despite overwhelming evidence of his deceit, Cooper continued to attempt to deceive this Court by claiming that he had never been arrested or convicted of a crime in his Response to CBGC's Motion to Dismiss.

Mem. Op., 10/25/06 p. 8 (citations omitted).  Accordingly, this Court decided that Defendants "shall be awarded attorney's fees and costs after a review of said fees and costs by this Court." *Id*. at p. 12.

DISCUSSION

This Court's assessment of sanctions is guided by decisions from the United States Court of Appeals for the Fourth Circuit.  In determining the appropriate amount of sanctions in the context of Rule 11 of the Federal Rules of Civil Procedure, the Fourth Circuit explained that:

> A district court should consider the [following] four factors . . . : (1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation

*In re Kunstler*, 914 F.2d 505, 523 (4th Cir. 1990) (citing *White v. Gen. Motors Corp.*, 908 F.2d 675 (10th Cir. 1990)).  Although the sanctions in this case are imposed pursuant to this Court's inherent powers, and not Rule 11, this Court's assessment of sanctions is nevertheless guided by the factors set forth in *Kunstler*.[1]  As the Fourth Circuit emphasized in that decision, "the amount

---

[1]     It is well-established that "if a court finds 'that fraud has been practiced upon it, or that a very temple of justice has been defiled,' it may assess attorney's fees against the responsible party."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (quoting *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946)); *see also Strag v. Board of Trustees, Craven Community College*, 55 F.3d 943, 955 (4th Cir. 1995) (noting that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion.  A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the

of a monetary sanction should always reflect the primary purpose of deterrence [of future

litigation abuse]."  *Id*. at 522-23.

In this case, Defendants seek to recover $66,143.64 in attorney's fees and costs:

| | |
|---|---|
| Outside Counsel Attorney's Fees: | $41,371.50 |
| Local Counsel Attorney's Fees: | $13,081.25 |
| Professional Services Firm: | $7,033.90 |
| Psychiatric Expert: | $2,450.00 |
| Other Costs: | $2,206.99 |
| **TOTAL** | **$66,143.64** |

(*See generally* Paper No. 33.)  The hourly fees charged by counsel to Defendants range from

$510 to $225 per hour.  (*Id*. at Exs. D-E.)  Most of the work, however, was done by one

experienced attorney who charged $390 per hour.  (*Id*. at Ex. D-1.)  Defendants explain that the

professional services firm was retained to "assist[] in the discovery of Plaintiff's lies" and that the

psychiatric expert was retained because "Plaintiff lied about his criminal history" to that expert.

(*Id*. at Ex. D, ¶ 5.)

After considering the requested attorney's fees and costs in light of the factors set forth in

*Kunstler*, this Court finds that sanctions in the amount of $15,000 is more appropriate than the

$66,143.64 requested by Defendants.  First, the primary objective of sanctions such as these is to

deter future litigation abuse.  *Cf. Kunstler*, 914 F.2d at 522-23.  This Court finds that an award of

$15,000 sufficiently satisfies this objective in light of the particular circumstances of this case.[2]

Second, this Court considers the ability of this *pro se* Plaintiff to pay.  Although Plaintiff could

have responded to Defendants' Petition for Attorney's Fees and Costs, he elected not to file

_____

judicial process.") (quoting *Chambers*, 501 U.S. at 44-45).

[2]      As a result, this Court need not address the reasonableness of Defendants'
requested attorney's fees and costs.

opposition papers.  As a result, this Court lacks reliable information regarding Plaintiff's ability

to pay the amount requested by Defendants.  This Court finds an award of  $15,000 renders

additional evidence regarding Plaintiff's ability to pay unnecessary in light of the record and

particular misconduct at issue in this case.[3]  Finally, this Court considers factors "such as the

offending party's history, experience, and ability, the severity of the violation, the degree to

which malice or bad faith contributed to the violation, the risk of chilling the type of litigation

involved, and other factors as deemed appropriate in individual circumstances."  *Kunstler*, 914

F.2d at 524-25.  Again, after considering these factors in light of the record, this Court finds that

sanctions in the amount of $15,000 is an appropriate award.

   For the reasons stated above, Plaintiff is sanctioned in the amount of Fifteen Thousand

Dollars ($15,000.00).  Plaintiff shall make payment in equal monthly installments of $1,250 per

month for twelve months, with payments due on the 1st of each month, and with the first

payment due on February 1, 2007.  Each payment shall be made by check or money order made

payable to:

   "Duane Morris LLP"

as counsel to Defendants, for Defendants' benefit.  Each payment shall be sent to:

   Duane Morris LLP
   Attention: Paul Snitzer
   30 S. 17th St.
   Philadelphia, PA  19103

---

[3]     *See Kunstler*, 914 F.2d at 524 (noting that "the smaller the amount of the
monetary sanction imposed, the greater the likelihood that a court's consideration of the ability to
pay will not want for lack of the formal submission of evidence on a sanctioned party's financial
status"); *see also* Mem. Op., 11/25/06 p. 8 (noting that Plaintiff failed to truthfully disclose his
financial situation regarding a $40,000 net workers compensation settlement he received from a
prior employer in August 2004).

If Plaintiff fails to make any payment when due, counsel for Defendants shall send Plaintiff

written notice of his default by certified mail, with return receipt, allowing Plaintiff seven days

from delivery to him of such notice to cure any such default.  In the event default is not cured,

Defendants shall be entitled to judgment against Plaintiff for $15,000, less any amount paid by

Plaintiff prior to default.

<u>CONCLUSION</u>

     For the reasons stated above, Plaintiff is sanctioned in the amount of $15,000 pursuant to

this Court's inherent powers.  A separate Order follows.


Date:   December 18, 2006        <u>/s/                           </u>
                                                  Richard D. Bennett
                                                  United States District Judge